IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| VINCENT-RALPH: CALIGIURI, | ) | |
| | ) | Civ. No. 07-3003-PA |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| COLUMBIA RIVER BANK MORTGAGE | ) | |
| GROUP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, J.:**

Pro se plaintiff Vincent-Ralph Caligiuri brings this action
to quiet title, and for statutory violations and breach of
contract, against defendants Columbia River Bank Mortgage Group
and two of its affiliates; Wells Fargo Bank N.A. and an
affiliate; Freedom Mortgage Corp.; LoanCare Servicing Center,
Inc.; and Northwest Trustee Services, Inc.

I issued a temporary restraining order preventing defendants
from proceeding with a foreclosure sale of plaintiff's house,
which is at 13450 Highway 234, Gold Hill, Oregon.  At the hearing

1 - ORDER

on March 19, 2007, I denied plaintiff's motion for a preliminary injunction.  This order explains my reasons.

## BACKGROUND

Plaintiff stopped making payments on his mortgage as of March 2004.  Since then, he sought bankruptcy protection in the three separate petitions, all now dismissed; filed an action in state court, which was dismissed; and most recently, filed the current action.  Plaintiff's legal efforts have allowed him to avoid a foreclosure sale for two years.

The following background is provided to explain my ruling.

In June 2001, plaintiff executed a note and deed of trust in favor of Columbia River Bank Mortgage Group (Columbia River), with a principal balance of $160,000.  Monthly payments on the thirty-year mortgage loan, at 6.8750%, were $1,051.09.  The mortgage loan refinanced an existing first lien on the property.

Plaintiff states that he is a disabled Vietnam veteran over 60 years old, and that he suffers from diabetes, high blood pressure, and other ailments.  The 2001 loan application indicates that plaintiff's income was from Social Security disability payments, for a total of $2,940 per month, and pension or retirement income of $129 per month.

The loan documents indicate that plaintiff received and signed a Truth in Lending Disclosure statement, which stated the number of payments over the 30-year life of the loan, the amount

of each payment, and other costs.  The loan documents also
indicate that plaintiff received and signed a notice, in
duplicate, of his right to cancel the transaction within three
business days of the date of the transaction, which was June 18,
2001.  Despite what appears to be plaintiff's signature under the
line stating "I received Notice of Right to Cancel in Duplicate
this Date," plaintiff now asserts that Columbia River did not
provide two copies of the notice of his right to cancel.

Plaintiff's loan application acknowledged that ownership of
the loan may be transferred to the lender's agents, successors,
or assignees without prior notice to plaintiff.  The note and
deed of trust were assigned to defendant Freedom Mortgage Corp.
effective June 15, 2005.  Defendant LoanCare Servicing Center,
Inc. now services the note, and defendant Northwest Trustee
Services, Inc. (NWTS) is the trustee.

Plaintiff stopped making payments on the loan in March 2004.
Plaintiff has not made payments since, although he has sent two
promissory notes to defendants.

Plaintiff states in April 2004, he "elected to rescind and
timely gave Notice of Rescission to Columbia River and to all
other parties known to have an interest in the matter."
Emergency Verified Mot. (Emerg. Mot.) ¶ 16.  Plaintiff contends
that his rescission was effective, and that Columbia River's
later assignment of the loan was therefore not valid.

3 - ORDER

Plaintiff states that NWTS "continued to demand monthly payments." When no payments were forthcoming, NWTS set a foreclosure sale.

On November 9, 2004, before the scheduled foreclosure sale, plaintiff filed a petition for Chapter 13 bankruptcy. The bankruptcy case was dismissed on November 22, 2005 for failure to make plan payments.

Foreclosure proceedings began again. A foreclosure sale was set for January 13, 2006.

On December 20, 2005, plaintiff filed an action in Jackson County Circuit Court against Freedom Mortgage, Columbia River, and Wells Fargo. Plaintiff sought damages and to quiet title, bringing claims for failure of consideration, breach of contract, ultra vires, indefiniteness, unconscionability, usury, attempted collection of an unlawful debt in violation of RICO, fraud, circulating paper money, and illegality by monopoly, conspiracy, and racketeering. The filing of the state court action caused the foreclosure sale to be postponed until March 17, 2006.

Plaintiff asserts that his agent, Rockney-Willard: Martineau, tendered to defendants' counsel Teresa Shill "a negotiable instrument (Promissory Note)" for $165,000, "for settlement and closure" of plaintiff's account. Emerg. Mot. ¶ 21. According to defendants, NWTS received correspondence from Martineau dated January 10, 2006. Martineau sent a notice of

tender of payment and a promissory note for $165,000, which
provided that it was not redeemable until January 10, 2081, at
11:00 a.m.

Plaintiff asserts that Shill "received and accepted" the
promissory note, "but refused the offer of performance and
neglected to give notice of dishonor nor released the claim" on
plaintiff's account. Id. at ¶ 22. Shill returned the documents,
stating that the limited power of attorney signed by plaintiff
was defective.

In February 2006, Freedom Mortgage moved to dismiss the
state court action filed by plaintiff. At a hearing on February
27, 2006, the court denied the motion to dismiss as to
plaintiff's two breach of contract claims. The court gave
plaintiff 10 days to amend his complaint, ruling that otherwise
it would dismiss the remainder of plaintiff's claims. Plaintiff
failed to file a timely amended complaint, so only the breach of
contract claims remained.

On March 17, 2006, the day of the foreclosure sale,
plaintiff filed a second bankruptcy petition under Chapter 13.
Plaintiff asserts that he was forced to seek bankruptcy
protection because of the pending foreclosure sale, which he
contends also spoiled his attempt to sell the property himself.

In the second bankruptcy proceeding, Freedom Mortgage moved
for relief from the automatic stay, and moved to dismiss. On

June 6, 2006, the court dismissed and closed the second
bankruptcy proceeding.

Defendants set another foreclosure sale for July 7, 2006.

On July 6, 2006, plaintiff filed his third bankruptcy
petition under Chapter 13, which again had the effect of
postponing a scheduled foreclosure sale. Plaintiff also filed an
adversary proceeding complaint in bankruptcy court against
defendants, asserting similar claims to those he had raised in
the state court action, as well as new claims for breach of
fiduciary duty and violations of the Truth in Lending Act (TILA).

The bankruptcy court dismissed plaintiff's third bankruptcy
proceeding on August 15, 2006. The court dismissed the adversary
proceeding on August 22, 2006.

Meanwhile, defendants moved for summary judgment on the
remaining breach of contract claims in plaintiff's state court
action. After a hearing on August 28, 2006, the court granted
defendants' motion for summary judgment. On September 19, 2006,
the court signed a judgment and supplementary judgment for an
award of attorney's fees against plaintiff.

Another foreclosure sale was set for January 31, 2007.
Plaintiff filed this action on January 11, 2007.

On January 30, 2007, plaintiff faxed to defendants' counsel
a copy of a recorded Notice of Pendency of Action, which referred
to this action. In another fax, defendants' counsel received the

6 - ORDER

front page of a petition for Chapter 13 bankruptcy relief filed
by a Mr. Braulio G. Martinez, which listed plaintiff's property
as the location of Martinez's principal assets.

On January 31, 2007, plaintiff faxed counsel for defendants
a copy of a bargain and sale deed which appeared to deed 50% of
plaintiff's interest in the property to Martinez in exchange for
$225,000.  This had the effect of postponing the scheduled
foreclosure sale.

Plaintiff states that on March 1, 2007, he tendered to
Teresa Shill a promissory note for $300,000.  He states that the
note "was retained without objection."  The promissory note
stated that it was redeemable at 5:00 p.m. on March 2, 2007, at
plaintiff's property.

Defendants' counsel sent plaintiff a letter dated March 6,
2007, stating that plaintiff's attempt to pay off the loan with
the promissory note was not legally valid because the note was
not an unconditional offer to pay the amount owed, and because
the funds were not presently available.

### STANDARDS

The Ninth Circuit has described the standards for deciding
whether to grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving
> party must show either (1) a combination of probable
> success on the merits and the possibility of
> irreparable injury, or (2) that serious questions are
> raised and the balance of hardships tips sharply in its
> favor.  These formulations are not different tests but

represent two points on a sliding scale in which the
degree of irreparable harm increases as the probability
of success on the merits decreases.  Under either
formulation, the moving party must demonstrate a
significant threat of irreparable injury, irrespective
of the magnitude of the injury.

Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.,
868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted).

### DISCUSSION

On the merits of his claims, plaintiff has no apparent
chance of prevailing.

Plaintiff argues that defendants cannot legally foreclose on
his property because he has rescinded the loan; because after the
rescission, Freedom Mortgage could not properly be assigned an
interest from Columbia Mortgage; and because plaintiff tendered
full payment to defendants, and defendants rejected his tender.

First, regarding rescission, defendants have submitted a
form that appears to have been signed by plaintiff, indicating
that plaintiff received notice in duplicate of his right to
rescind.  Plaintiff failed to seek rescission within the three
days allowed.

Defendants contend that even if plaintiff did not receive
the notice in duplicate, plaintiff has not presented evidence
that he sent a notice of rescission to Columbia River within the
three-year limit set by 15 U.S.C. § 1635(f) of the Truth in
Lending Act.  Defendants also argue that § 1635(f) bars any claim
seeking rescission if the action is filed more than three years

8  - ORDER

after the loan was executed.  See Miguel v. Country Funding
Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) ("§ 1635(f) is a
statute of repose, depriving the courts of subject matter
jurisdiction when a § 1635 claim is brought outside the
three-year limitation period").

I conclude that plaintiff is unlikely to succeed on his
claim for rescission.

Second, regarding plaintiff's alleged tender of payment,
defendants argue that neither of the two promissory notes sent by
plaintiff were legally effective.  The first note was redeemable
in 2081.  The second note, which defendants received on March 2,
2007, was redeemable at 5:00 p.m. on March 2, 2007, at
plaintiff's property.  Plaintiff is also unlikely to succeed on
his claims that he tendered full payment to defendants.

Third, regarding plaintiff's breach of contract, quiet
title, and other claims, defendants contend that the doctrine of
claim preclusion bars those claims here because of the prior
state court action.

"The doctrine of claim preclusion, formerly known as res
judicata, generally prohibits a party from relitigating the same
claim or splitting a claim into multiple actions against the same
opponent."  Bloomfield v. Weakland, 339 Or. 504, 510, 123 P.3d
275, 279 (2005).  "[A] plaintiff who has prosecuted one action
against a defendant through to a final judgment binding on the

9 - ORDER

parties is barred on res judicata grounds from prosecuting
another action against the same defendant where the claim in the
second action is one which is based on the same factual
transaction that was at issue in the first, seeks a remedy
additional or alternative to the one sought earlier, and is of
such a nature as could have been joined in the first action."
Rennie v. Freeway Transport, 294 Or. 319, 323, 656 P.2d 919, 921
(1982) (citations omitted).  "Well-settled principles of claim
preclusion 'foreclose[ ] a party that has litigated a claim
against another from further litigation on that same claim on any
ground or theory of relief that the party could have litigated in
the first instance.'"  Lincoln Loan Co. v. City of Portland, 340
Or. 613, 619-20, 136 P.3d 1, 4-5 (2006) (quoting Bloomfield, 339
Or. at 511, 123 P.3d at 279) (emphasis omitted), cert. denied, 75
U.S.L.W. 3323, 3419, 3435 (U.S. Feb. 20, 2007) (No. 06-790).

     The state court entered judgment against plaintiff on his
claims, which were are based on the same facts as plaintiff's
claims here.  Because of claim preclusion, plaintiff is very
unlikely to succeed on any of these claims.

     I conclude that the potential hardship to plaintiff is not
sufficient in light of the high probability that plaintiff will
not prevail on any of his claims.

/ / / /

/ / / /


10 - ORDER

**CONCLUSION**

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#25) is denied.

DATED this _21_ day of March, 2007.

OWEN M. PANNER
U.S. DISTRICT JUDGE

11 - ORDER