IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

VINCENT-RALPH: CALIGIURI,           )
                                    )   Civ. No. 07-3003-PA
            Plaintiff,              )
                                    )   **OPINION AND ORDER**
    v.                              )
                                    )
COLUMBIA RIVER BANK MORTGAGE        )
GROUP, et al.,                      )
                                    )
            Defendants.             )
_____

**PANNER, J.:**

   Pro se plaintiff Vincent-Ralph Caligiuri brings this action to quiet title, and for statutory violations and breach of contract, against defendants Columbia River Bank Mortgage Group and two of its affiliates; Wells Fargo Bank N.A. and an affiliate; Freedom Mortgage Corp.; LoanCare Servicing Center, Inc.; and Northwest Trustee Services, Inc.

   Defendants move to dismiss. I grant the motions.

                          **BACKGROUND**

   Plaintiff stopped making payments on his mortgage in 2004. Since then, plaintiff has managed to prevent foreclosure by

1 - OPINION AND ORDER

filing three bankruptcy petitions, all of which were dismissed; by filing an action in state court against these defendants, which was also dismissed; and, most recently, by filing this action.

## I. Documents Considered in Ruling on the Motions to Dismiss

In evaluating a motion to dismiss for failure to state a claim, the court generally may not look beyond the allegations in the complaint. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). The court may, however, consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" Id. (quoting United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)). In addition, the court may take judicial notice of documents that are "a matter of general public record." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988). Here, I will consider the loan documents, at least to the extent that plaintiff does not challenge their authenticity, and court documents from other legal proceedings filed by plaintiff.

## II. Factual and Procedural Background

Plaintiff is a disabled Vietnam veteran who is over sixty

2 - OPINION AND ORDER

years old.  The only sources of income listed on plaintiff's loan application were Social Security disability payments and pension or retirement income.

In June 2001, plaintiff executed a note and deed of trust in favor of defendant Columbia River Bank Mortgage Group (Columbia River), with a principal balance of $160,000.  Monthly payments on the thirty-year loan, at 6.8750%, were $1,051.09.  The mortgage loan refinanced an existing first lien on the property.

Loan documents submitted by defendants indicate that plaintiff received a Truth in Lending disclosure statement, which sets out the number of payments over the 30-year life of the loan, the amount of each payment, and other costs.  The loan documents include a form, apparently signed by plaintiff, stating that plaintiff had received and signed a notice, in duplicate, of his right to rescind the transaction within three business days.

Plaintiff now asserts that Columbia River did not provide two copies of the notice of his right to rescind the loan transaction.  Plaintiff also contends that he received no consideration from Columbia River.

In December 2002, plaintiff obtained a mortgage home equity line of credit for $52,000 from defendant Wells Fargo.  A deed of trust reflecting the line of credit was recorded in January 2003, in Jackson County.  Plaintiff now contends that there was no meetings of the minds regarding this transaction.

Plaintiff stopped making mortgage payments to Columbia River in March 2004.

3 - OPINION AND ORDER

Plaintiff states that in April 2004, he "timely gave Notice of Rescission to Columbia River and to all other parties known to have an interest in the matter." Emergency Verified Mot. (Emerg. Mot.) ¶ 16. None of the defendants accepted plaintiff's attempted rescission.

The loan agreement allowed Columbia River to transfer ownership of the loan without prior notice to plaintiff. Effective June 2005, Columbia River assigned the note and deed of trust to defendant Freedom Mortgage Corp. Defendant LoanCare Servicing Center, Inc. now services the note, and defendant Northwest Trustee Services, Inc. (NWTS) is the trustee. Plaintiff contends that Columbia River's assignment to Freedom Mortgage is not valid because he had rescinded the loan.

NWTS, the trustee, demanded monthly payments from plaintiff. When no payments were forthcoming, NWTS set a foreclosure sale.

On November 9, 2004, before the scheduled foreclosure sale, plaintiff filed a petition for bankruptcy under Chapter 13. The bankruptcy court dismissed the case on November 22, 2005 for failure to make plan payments.

Foreclosure proceedings began again. A foreclosure sale was set for January 13, 2006.

On December 20, 2005, plaintiff filed an action in Jackson County Circuit Court against Freedom Mortgage, Columbia River, and Wells Fargo. Plaintiff sought damages and to quiet title, bringing claims for failure of consideration, breach of contract, ultra vires, indefiniteness, unconscionability, usury, attempted

4 - OPINION AND ORDER

collection of an unlawful debt in violation of RICO, fraud, circulating paper money, and illegality by monopoly, conspiracy, and racketeering. The filing of the state court action caused the foreclosure sale to be postponed until March 17, 2006.

Plaintiff asserts that his agent, Rockney-Willard Martineau, tendered to defendants' counsel Teresa Shill "a negotiable instrument (Promissory Note)" for $165,000, "for settlement and closure" of plaintiff's account. Emerg. Mot. ¶ 21. According to defendants, NWTS received correspondence from Martineau dated January 10, 2006. The promissory note, which was for $165,000, provided that it was not redeemable until January 10, 2081, at 11:00 a.m.

In February 2006, Freedom Mortgage moved to dismiss the state court action filed by plaintiff. At a hearing on February 27, 2006, the state court granted the defendants' motion to dismiss except as to two breach of contract claims. Because plaintiff failed to file an amended complaint, the dismissal was with prejudice.

On March 17, 2006, the day of the foreclosure sale, plaintiff filed a second bankruptcy petition under Chapter 13. Freedom Mortgage moved for relief from the automatic stay, and moved to dismiss. In June 2006, the court dismissed and closed the second bankruptcy proceeding.

Defendants set another foreclosure sale for July 7, 2006.

On July 6, 2006, plaintiff filed his third bankruptcy petition under Chapter 13, which effectively postponed the

5 - OPINION AND ORDER

scheduled foreclosure. Plaintiff also filed an adversary proceeding in bankruptcy court against defendants, asserting claims similar to those he had raised in the state court action, as well as claims for breach of fiduciary duty and violations of the Truth in Lending Act.

In August 2006, the bankruptcy court dismissed plaintiff's third bankruptcy proceeding and the adversary proceeding against defendants.

Meanwhile, in plaintiff's state court action, defendants moved for summary judgment on the only remaining claims, which were for breach of contract. After a hearing on August 28, 2006, the court granted defendants' motion for summary judgment. In September 2006, the court entered judgment and a supplementary judgment including an award of attorney's fees against plaintiff.

Another foreclosure sale was set for January 31, 2007. Plaintiff filed this action on January 11, 2007.

## STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim, the court takes allegations of material fact as true and construes them in the light most favorable to the nonmoving party. See Mishler v. Clift, 191 F.3d 998, 1002 (9th Cir. 1999).

The court should construe the pleadings of a pro se litigant more leniently than pleadings drafted by a lawyer. See Eldridge

6 - OPINION AND ORDER

v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). Pro se litigants are not, however, entitled to the benefit of every conceivable doubt. The court is required to draw only reasonable factual inferences in a pro se plaintiff's favor. McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974). A pro se litigant should be given leave to amend his or her complaint unless it is absolutely clear that amendment cannot cure the deficiencies of the complaint. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

## DISCUSSION

Plaintiff argues that defendants cannot foreclose on the property because he rescinded the original loan, nullifying Columbia River's subsequent assignment of the loan to Freedom Mortgage. Plaintiff also contends that the loan agreement, and the line of credit from Wells Fargo, were invalid for lack of consideration.

### I. Claim Preclusion Bars Plaintiff's Claims

Defendants, except Wells Fargo, contend that the doctrine of claim preclusion bars plaintiff's claims here because of the final judgment in plaintiff's state court action.

#### A. The Law of Claim Preclusion

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v.

7 - OPINION AND ORDER

Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Because the prior judgment here was issued by an Oregon court, this court looks to Oregon law on claim preclusion.

"The doctrine of claim preclusion, formerly known as res judicata, generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." Bloomfield v. Weakland, 339 Or. 504, 510, 123 P.3d 275, 279 (2005); see also Or. Rev. Stat. § 43.130. "[A] plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on res judicata grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action." Rennie v. Freeway Transport, 294 Or. 319, 323, 656 P.2d 919, 921 (1982) (citations omitted). "Well-settled principles of claim preclusion 'foreclose[ ] a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance.'" Lincoln Loan Co. v. City of Portland, 340 Or. 613, 619-20, 136 P.3d 1, 4-5 (2006) (quoting Bloomfield, 339 Or. at 511, 123 P.3d at 279) (emphasis omitted), cert. denied, 127 S. Ct. 1333 (2007).

/ / / /

/ / / /

8 - OPINION AND ORDER

## B. Applying Claim Preclusion

Here, the state court entered judgment against plaintiff on the merits of his claims, which were based on the same facts as plaintiff's claims here. Defendants here were also the named defendants in the state court action. The state court judgment is final.

However, because plaintiff failed to serve Wells Fargo, judgment was not entered against Wells Fargo on the merits. Plaintiff's claims here are barred as to all but the Wells Fargo defendants because of the prior state court judgment, and the claims must be dismissed with prejudice.

Plaintiff's state court complaint did not include a claim under the Truth in Lending Act. State courts have concurrent jurisdiction over claims under the Truth in Lending Act. See 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction"). Because claim preclusion applies to claims that could have been brought in the prior action, as well as claims that were actually brought, plaintiff's Truth in Lending Act claims here are barred.

Plaintiff contends that because his second and third bankruptcy proceedings were pending from March to June 2006 and from July to August 2006, the automatic stay deprived the state court of jurisdiction to accept filings. See 11 U.S.C. § 362. However, because the claims in the state court action were brought by plaintiff, not against plaintiff, the automatic stay

9 - OPINION AND ORDER

did not apply. See Parker v. Bain, 68 F.3d 1131, 1138 (9th Cir. 1995) (automatic stay does not apply to debtor's claims when successful prosecution would benefit bankruptcy estate).

Plaintiff contends that the prior state court judgment has no preclusive effect because he was denied the opportunity to present oral argument on defendants' motion for summary judgment. Assuming that the alleged denial of oral argument could affect the validity of the state court judgment, "the time and place for a party to a case to attack a trial court's subject matter jurisdiction is while the case is pending before that court or before an appellate court on direct appeal of the judgment, not in a later proceeding before a different tribunal." Aguirre v. Albertson's, Inc., 201 Or. App. 31, 41, 117 P.3d 1012, 1018 (2005) (footnote omitted). Plaintiff did not appeal the judgment, and none of the exceptions to the rule requiring that jurisdictional challenges be made on direct appeal apply here. See id., 201 Or. App. at 42, 117 P.3d 1019.

## II. Rescission under the Truth in Lending Act

Even if plaintiff's claim under the Truth in Lending Act against defendants is not barred by claim preclusion, plaintiff has failed to state a claim.

Defendants submit the form required by the Truth in Lending Act, which appears to be signed by plaintiff, indicating that plaintiff received notice in duplicate of his right to rescind. It is undisputed that plaintiff failed to seek rescission within the three days allowed.

10 - OPINION AND ORDER

On these motions to dismiss, I will assume that plaintiff did not receive notice in duplicate of his right to rescind. See 15 U.S.C. § 1635(c) ("written acknowledgment of receipt of any disclosures . . . does no more than create a rebuttable presumption of delivery"); cf. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 754 (7th Cir. 2002) (when exhibit "'contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations.'" (quoting Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454 (7th Cir. 1998) (emphasis deleted)). Even so, plaintiff's claim under the Truth in Lending Act fails because it is not timely.

I assume for purposes of these motions that plaintiff sent his notice of rescission in April 2004. There is a three-year limit for bringing claims of rescission under the Truth in Lending Act. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (15 U.S.C. § 1635(f) "is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"). The claim is not timely because plaintiff filed this action more than three years after the loan transaction.

### III. Claims Against Wells Fargo Defendants

Although claim preclusion does not bar plaintiff's claims against the Wells Fargo defendants (Wells Fargo), plaintiff's claims fail on their merits.

/ / / /

11 - OPINION AND ORDER

Plaintiff's Truth in Lending Act claim against Wells Fargo is untimely for the reasons noted above. Plaintiff's claims for fraud and breach of fiduciary duty are barred by the applicable two-year statute of limitations. Or. Rev. Stat. § 12.110(1). Plaintiff alleges that he had notice of the alleged fraud and breach of fiduciary duty by spring 2004, but he did not bring this action until 2007.

Plaintiff's quiet title claim fails because Wells Fargo disputed plaintiff's attempted rescission, which meant that its security interest remained intact unless and until a court ruled in plaintiff's favor. See Yamamoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2003). If the law were "[o]therwise, a borrower could get out from under a secured loan simply by claiming TILA violations, whether or not the lender had actually committed any." Id.

Plaintiff's claim under the Fair Credit Reporting Act also fails. A consumer may bring a claim under 15 U.S.C. § 1681s-2(b) if a furnisher of credit information, which here would be Wells Fargo, fails to follow proper investigation procedures after receiving notice of credit dispute. See Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002). Here, plaintiff has not alleged that any credit reporting bureau notified Wells Fargo that plaintiff disputed the accuracy of credit information Wells Fargo reported. See Marshall v. Gravitt, 2007 WL 201155, at *7 (D. Nev. Jan. 19, 2007). The Fair Credit Reporting Act does not allow consumers to bring claims

12 - OPINION AND ORDER

against a furnisher of credit information for failing to provide accurate information because "the authority to pursue such claims falls within the province of federal and state agencies." Id. at *6 (citing Nelson, 282 F.3d at 1059).

Plaintiff's claim for breach of contract fails because Wells Fargo did provide consideration, the extension of credit to plaintiff. Plaintiff's allegations of unconscionability are insufficient.

Plaintiff's claim under the Fair Debt Collection Practices Act fails because Wells Fargo is a creditor, not a third-party debt collector. See 15 U.S.C. § 1692a(6)(A) (term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor"); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.").

No amendment could cure the deficiencies in plaintiff's complaint. I dismiss plaintiff's claims against Wells Fargo with prejudice.

/ / / /

/ / / /

/ / / /

/ / / /

13 - OPINION AND ORDER

## CONCLUSION

Defendants' Motions to Dismiss (## 3, 11, and 18) are granted. Plaintiff's Motion for Findings of Fact and Conclusions of Law (#41) and Demand under Freedom of Information Act (#45) are denied as moot. Any other pending motions are also denied as moot.

DATED this 7½ day of May, 2007.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

14 - OPINION AND ORDER